# Warble *v.* Sulzberger Company of America.

*Damage for Injury to Employee.*

(Decided January 15, 1914. 64 South. 361.)

1. *Appeal and Error; Review; Questions Presented.*—Where the record does not contain the demurrer, although the judgment entry recited a ruling on demurrer to that plea, the court cannot consider the overruling of the demurrer to the plea.

2. *Same; Review; Affirmative Charge.*—Where a part of the evidence consisted of a view of the place of the accident and a demonstration of the position of plaintiff at the time of the injury, the appellate court cannot review a directed verdict as it has not all of the evidential matters before it, which were considered by the trial court.

3. *Master and Servant; Injury to Servant; Contributory Negligence.*—A boy over fifteen years of age was guilty of contributory negligence as a matter of law in placing his hand so near a revolving fan, in a room which he was engaged in cleaning, as that his hand was drawn into the fan, where he was of average intelligence, understood the danger, and knew that the fan created a strong suction.

4. *Negligence; Infants; Measure of Care; Contributory Negligence.*—In determining whether an infant is guilty of contributory negligence the standard of care which he should exercise should be considered with reference to .the degree of care which would be exercised by minors of ordinary intelligence about his own age.

APPEAL from Birmingham City Court.

Heard before Hon. W. M. WALKER.

Action by Edward Warble, a minor, by next friend, against the Sulzberger Company of America for damages received while performing duties under his employment. Judgment for defendant and plaintiff appeals. Affirmed.

HARSH, BEDDOW & FITTS, for appellant. The court erred in overruling demurrers to the 12th plea.—*Osborn v. Ala. S. & W. Co.*, 135 Ala. 571; *Marbury L. Co. v. Westbrook*, 121 Ala. 180; *T. C. I. & R. R. Co. v. Burgess*, 158 Ala. 519. The remedial functions of the last lines of section 2910, Code 1907, are to be kept in mind in considering the action of the court in directing a verdict for defendant on the theory that contributory negligence was imputed to plaintiff by the pleadings and proof as a matter of law. That the affirmative charge should not have been given, see.—*B. R. L. & P. Co. v. Murphy*, 56 South. 817; *Ala. C. O. Co. v. Weedon*, 150 Ala. 587; *Baker v. Patterson*, 171 Ala. 89. Plaintiff's actions are not to be viewed with the same criticism as the actions of a mature man of ripe discretion.—176 U. S. 238; 27 Pac. 701; 107 C. C. A. 136. Under the evidence, the plaintiff was not chargeable with contributory negligence as a matter of law.—*Tall. Falls M. Co. v. Moore*, 158 Ala. 356; *McElliott v. Randolph*, 29 Am. St. Rep. 181; 2 Bailey M. & S. section 469; 36 N. E. 303; 78 S. W. 79; 71 N. E. 922; 68 N. W. 45; Sherman & Redfield on Negligence, section 73; 15 Am. St. Rep. 598; 1 LeB. 816.

ESTES, JONES & WELSH, for appellee. There is no demurrer in the record addressed to plea 12, but if there was, the plea is good.—*Tall. Falls M. Co. v. Moore*, 158 Ala. 368; *T. C. I. Co. v. Herndon*, 100 Ala. 458; *Crowder v. Red Mountain Co.*, 29 South. 848. The affirmative charge for plaintiff was properly given on the whole case. —*Worthington & Co. v. Goforth*, 124 Ala. 656; *Billenberger v. Weingartner*, 64 N. J. L. 292; S. C. 45 Atl. 638; *Kilby Frog & Switch Co. v. Jackson*, 57 South. 691; *Montgomery Cotton Mills v. Bowdoin*, 58 South. 732; *Brammer v. Pettyjohn, et al.*, 154 Ala. 616; 26

Cyc. 1188-9§ 2 Bailey's Personal Inj. (9 Ed.) 464, 469; 26 Cyc. 1171, 1176, 1179 and 1185; 1 Bailey's Personal Injuries, 1 Ed. 616; *Beck's Case,* 82 Iowa 286, s. c. 48 N. W. 81; 2 Bailey's Personal Injuries, 1 Ed. 2737, 2741-2; 2745, 2750 and 2755; 2 Bailey's Personal Injuries, 2807; *Moss v. Mosely,* 14 Ala. 186.

McCLELLAN, J.—Action by a servant (appellant) against the master (appellee) for personal injuries received while performing duties under his employment. While cleaning a room, his hand came in contact with the unguarded revolving fenders of a fan used for ventilation; and two of his fingers were severed from the hand. At the request of the defendant, the court gave the general affirmative charge for the defendant. But two assignments of error are urged in brief, viz., that predicated of the overruling of demurrer to special plea 12, and that based upon the giving of the affirmative charge as stated.

The judgment entry recites a ruling on demurrer to plea 12; but there is, in this record, no demurrer to that plea. There is a demurrer to special plea 11 set out in the record; but no recital in the judgment entry of a ruling on demurrer to plea 11. There is a reference, on the margin of the record, doubtless made by the clerk to demurrer to plea 12, but the pleading against which the marginal reference is made takes no account of plea 12. That demurrer is addressed to plea 11. The question argued in brief for appellant cannot be considered in this state of the transcript.

For two reasons error cannot be pronounced of the action of the court in giving the affirmative charge. First. While the bill recites that it contains all the evidence adduced, the bill affirmatively shows that a view was taken by court and jury of the scene and

means of plaintiff's injury, and a demonstration was then given court and jury, by plaintiff, of the way in which he was hurt, giving his position, the position of the piece of paper which he was, when injured, engaged in removing, and his own various motions and movements; the fan being at rest when he made the demonstration. Manifestly this court has not before it the full evidential data the trial court had before it. Under such circumstances, we must apply the pertinent rule soundly announced by the Court of Appeals in *Sloss-Sheffield Co. v. Redd*, 6 Ala. App. 404, 60 South. 468, 470. Second. The plaintiff's own testimony shows that he, a boy a little over 15 years of age, whose possession of average intelligence for his years is not questioned in the evidence, was familiar with the dangerous quality of this revolving fan if the hand was brought even near to it; that he had seen it started, in motion, and stopped, and knew of its effect to create, when in motion, a suction; and that to put the hand within the circle of its revolution would cause injury. Under the pertinent doctrine of *Brammer v. Pettyjohn*, 154 Ala. 616, 45 South. 646, and cases therein cited, the plaintiff could not recover. He was the victim of his own manifest carelessness. His conduct, with reference to the prudence affirmative knowledge should have suggested to him, can alone be measured by that of the ordinary minor of his years, so informed, and presumed average degree of intelligence. If other jurisdictions sanction a different standard, this court cannot look with favor upon their conclusions.

The judgment is affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.