# Continental Gin Co. v. Milbrat.

*Damage for Injury to Employee.*

(Decided April 23, 1914.   Rehearing denied May 14, 1914.
65 South. 424.)

1. *Master and Servant; Injury to Servant; Defective Appliances.* —Where the machine in its use showed that it needed a guard, which could be easily supplied, to render it safe for the use of the employees, such machine was defective until such guard was attached, although the manufacturer of the machine omitted to supply any ·safety device.

2. *Same; Contributory Negligence; Instruction.*—Where the plea ·of contributory negligence merely alleged the negligence of the servant in the manner of his use of the machine by which he was ·injured, a charge aserting that an employee must do that which is ·dangerous, in a negligent manner, to constitute contributory negligence, was not harmful.

3. *Same; Superintendence.*—An employee charged with the duty of caring for the safety of a subordinate co-employee is entrusted with ·superintendence, and the employer is liable for his negligence.

4. *Same; Negligence; Evidence.*—Where the complaint alleged that .the injury was caused by the defective and unsafe condition of the

[Continental Gin Co. v. Milbrat.]

floor, and that such defect had not been remedied owing to the negligence of the employer or of the co-employee whose duty it was to see that the ways, machinery, etc., were in safe condition, it is supported by testimony of an employee that oil was spilled on the floor, that the spilling was a common occurrence, and that the superintendent whose duty it was to see that the place of work was in a proper condition either knew of the danger, or was negligent in failing to discover and remedy the same.

5. *Same; Instructions.*—Where plaintiff testified that the machine he was operating did not have any guard, a charge asserting that if plaintiff was injured as a proximate consequence of his failure to use the guard on his machine, and such failure was negligence on his part, then the verdict must be for defendant, assumed the existence of a fact as to which there was conflict in the evidence, and was properly refused.

6. *Appeal and Error; Record; Review; Questions Presented.*— Where the bill of exceptions recites that it contains all of the evidence, but at the same time shows that a model was used by the witnesses in testifying in reference to the machine which caused the injury to the plaintiff, and also that the jury visited the factory and saw the machine in operation, it demonstrates that the record does not contain all the evidence and the court cannot pass on its sufficiency on appeal, to sustain the verdict.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Julius Milbrat against the Continental Gin Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The pleadings and evidence sufficiently appear from the opinion of the court. The following charges were refused to defendant:

(3) Affirmative charge as to the fifth count.

(7) If you believe from the evidence that plaintiff got his hand hurt as a proximate consequence of his failure to use the guard on the joiner, and that such failure to use the guard was negligence on his part, then your verdict must be for defendant.

(2) I charge, you, gentlemen, that, if you believe the evidence in this case, you cannot find a verdict for plaintiff on that count of the complaint based on a defect in the floor on which the joiner, which plaintiff was operating at the time he got hurt, was placed.

[Continental Gin Co. v. Milbrat.]

J. T. STOKELY, and R. H. SCRIVNER, for appellant. The court erred in charging the jury orally that a servant must do that which is dangerous in a negligent manner in order to constitute contributory negligence on his part.—*A. C. & G. Ry. Co. v. Bullard*, 47 South. 578; *Ala. C. C. & I. Co. v. Heald*, 53 South. 162. The court should have given the affirmative charge as to the first count, as the failure to supply the machine with a guard would not be negligence within the meaning of the first subdivision of the Employer's Liability Act.— *Clements v. A. G. S.*, 28 South. 643; *K. C. M. & B. v. Burton*, 12 South. 88. Defendant was entitled to the affirmative charge on the fourth count, as the evidence does not support the allegations contained therein.— *Mary Lee C. & Ry. Co. v. Chambliss*, 11 South. 897. Counsel discuss other assignments of error, but without further citation of authority.

HARSH, BEDDOW & FITTS, for appellee. Under the evidence the machine itself was defective.—*Goins' Case*, 141 Ala. 534; *Huyck's Case*, 163 Ala. 244; *Mobley's Case*, 139 Ala. 425. The court's oral charge was not improper.—*Bromley v. B'ham Min. Co.*, 95 Ala. 397; 3 L. R. A. (N. S.) 1097. The defendant was put there to run the machine, and the only omission on his part would have been the failure to operate it, and hence, it could not have been an omission on his part that caused the injury.—*Goins' Case, supra; Wes. S. C. & F. Co. v. Cunningham*, 158 Ala. 370; *L. & N. v. Bargainer*, 168 Ala. 567. The authorities cited supra demonstrate the propriety of the court's action in refusing the affirmative charge as to the first count. The fourth count was fully sustained by the evidence.—*Bromley v. Birm. Min. Co.*, 95 Ala. 397. An employee who has superintendence of a co-employee, or whose duty it is to care for

the safety of a co-employee is a superintendent.—*Besse-mer L. & I. Co. v. Campbell*, 121 Ala. 50; *St. L. & S. F. v. Brantley*, 168 Ala. 590. The record demonstrates that it does not contain all the evidence, and the court will not determine on appeal whether it supports the verdict.

WALKER, P. J.—This was an action to recover damages for personal injuries alleged to have been sustained by the plaintiff (the appellee here) while acting as an employee of the defendant and engaged in work at a machine called a joiner. In different counts the injuries were attributed to, respectively, the slippery condition of the floor at the place where the plaintiff had to stand in using the joiner; to the fact that the joiner had no guard between the knife or saws on it and the point where the plaintiff was working—each of these alleged causes of the injuries being alleged to be a defect in the ways, works, machinery, or plant of the defendant, which arose from or had not been discovered or remedied owing to the negligence of the defendant or of some person in its employment who was intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition, to the fact that the floor at the place the plaintiff was required to be or stand while engaged in the operation of said machine was defective and unsafe as a place for the plaintiff to be or stand while engaged in work at said machine; and to the negligence of one, Rump, a person in the service or employment of the defendant, who had superintendence intrusted to him, whilst in the exercise of such superintendence, in that he negligently caused or allowed plaintiff's hand or fingers to be caught in said machine. The case was tried on issues joined on the plea of not guilty and two special pleas of contributory negligence.

An exception was reserved to the following state-
ment made in the oral charge of the court in reference
to the defense of contributory negligence:

"And I charge you, as the law applying to that ques-
tion, a servant must do that which is dangerous in a
negligent manner in order to constitute contributory
negligence on his part."

The ruling embodied in this statement must be con-
sidered in the light of the pleadings and evidence in the
case and in connection with what was said by the court
on the same subject in other parts of its charge. In the
next succeeding sentence the court, speaking of the de-
fense of contributory negligence, said:

"It would be your duty under the evidence to come to
the conclusion that this work was done, although he
knew it was dangerous, in a negligent manner by the
plaintiff before the plea of contributory negligence
would be available to the defendant."

The practical import of these statements, considered
together, as they should be, was that, even if the work
the plaintiff was engaged in at the time he was hurt was
dangerous, and was known to him to be dangerous, the
pleas of contributory negligence could not be sustain-
ed, unless the jury found from the evidence that he did
that work in a negligent manner. As applicable to the
pleadings and evidence in the case, the instruction to
this effect was not erroneous. There were two pleas of
contributory negligence; one of them setting up the neg-
ligent failure of the plaintiff to use the guard provided
for said joining machine; the other that, while the
plaintiff was planing or edging a piece of timber in said
joining machine, he negligently allowed his hand to slip
off of said piece of timber and come in contact with
the knife of said machine, whereby his hand was caught
and injured. It is to be observed that what was set up

in each of these pleas was the alleged negligent manner of the plaintiff's use of the machine at the time he was hurt. Neither of these pleas properly could be sustained, unless the jury found from the evidence that the plaintiff was negligent in the manner of doing that in which he was engaged when the injury complained of was sustained. This is equally true whether the work was dangerous or not, and whether the plaintiff did or did not know of danger. As nothing was set up as contributory negligence, except the negligent manner in which the plaintiff made use of the machine by which he was hurt, the appellant has nothing to complain of in a charge to the effect that the defense of contributory negligence could not be sustained unless the jury found from the evidence that the plaintiff did that work, whether it was dangerous or not, in a negligent manner. Whether the proposition excepted to, as stated by the court in general terms, is or is not correct in all cases to which it might be applied, it was not incorrect when applied to the pleadings and evidence in this particular case. The statement being a correct one so far as the jury had any occasion to make application of it, the appellant could not have been harmed by the fact that the ruling was expressed in such general terms that it may be questionable or incorrect if applied in some case other than the one at bar. It is not necessary to pass upon the question of the correctness or incorrectness of the general proposition the statement of which was excepted to.

The ground upon which it is contended in argument that the defendant was entitled to have given the general affirmative charge requested by it as to the count based on a defect in the joiner is that the absence of a guard, which was the defect alleged, could not, under the evidence, be regarded as a defect, as the testimony

[Continental Gin Co. v. Milbrat.]

showed that the machine, as it was originally construct-
ed and equipped was not provided with any guard at
all, and that a guard was not a part of the machine. The
drum of the woodworking machine in question was en-
circled by blades or knives, parts of which extended
through a hole above the surface of the bench or table
beside which the user of the machine stood. There was
evidence tending to prove that long before the plain-
tiff was hurt the absence of some device to protect one
using the machine from the danger of contact with the
rapidly revolving blades by which timber was cut or
trimmed was recognized by the defendant as a defect
in the machine, and it introduced testimony which tend-
ed to prove that it had remedied the defect by supply-
ing a guard, which was not permanently attached to the
machine, but, when not in use, was hung on a post near
by, and posting directions to those who worked at the
machine to make use of the guard. The testimony of
the plaintiff tended to prove that there was no guard on
or about the machine at the time he was hurt. If the
use of the machine had revealed the fact that it needed
another piece or attachment, which could readily be sup-
plied, to render it capable of safe operation in the
work for which it was used, it was defective in not hav-
ing the needed piece or attachment, though the maker of
the machine had omitted to supply it with any safety
device, and though an appropiate one might not be per-
manently attached to the machine.—*Huyck v. Mc-
Nerney,* 163 Ala. 244, 50 South. 926; *Sloss-Sheffield
Steel & Iron Co. v. Mobley,* 139 Ala. 425, 36 South. 181.

If we regarded none of the evidence which is set out
in the bill of exceptions as having a tendency to prove
that the lack of a guard constituted a defect in the ma-
chinery or plant of the defendant, yet we could not af-
firm that the trial court was in error in holding that

there was such evidence. While the bill of exceptions recites that the evidence which it sets out was all the evidence introduced on the trial, it contains in its report of the evidence conclusive proof of the incorrectness of this recital as to evidence bearing upon the inquiry as to whether or not the lack of a guard was a defect which arose from, or had not been discovered or remedied owing to, the negligence of the defendant or some person in its service who was intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition. It shows that what purported to be a model of the machine at which the plaintiff was working when he was hurt was used by the witnesses in testifying in reference to it, and that the jury visited the defendant's factory and had exhibited to them a machine which the defendant claimed was the one at which the plaintiff was working when he was hurt. The bill of exceptions does not enable us to apprehend the evidential significance of ocular demonstrations and illustrations made in the presence of the jury; an example of the failure to reproduce which is shown by the following extract from the testimony of one of the defendant's witnesses:

"That is one of our guards; that part had to come back from the knives so as not to cut it, and it had holes here with pins to drop in and hold it in position, and there were other holes in the table in line with these holes. Say this is the guide, and I would want to plane an inch plank, the proper way would be to put this on there, covering that much, and put this here, so there would be space enough, and fasten the screws and drop that in that position, so if your hand fell off it would drop on the board, and if you wanted it this wide you would draw it back that much," etc.

[Continental Gin Co. v. Milbrat.]

Testimony of an opposing tendency is similarly set out. Such a report of the testimony does not disclose the meaning which was conveyed to those who saw the things to which the witnesses pointed and made references. As the record does not make known to this court all the evidence which was before the trial court bearing upon the charge made in one of the counts of the complaint, the ruling of that court as to the sufficiency of the evidence adduced to support the averments of that count cannot intelligently be reviewed. An appellate court cannot pass upon the sufficiency of the evidence to warrant the submission to the jury of an issue in the case when it is not informed what that evidence was. It follows that the judgment appealed from cannot be reversed, because of a ruling which the record does not show to have been erroneous.—*Warble v. Sulzberger Co. of America*, 64 South. 361; *Sloss-Sheffield Steel & Iron Co. v. Redd*, 6 Ala. App. 404, 60 South. 468.

In the fourth count of the complaint the alleged injury was attributed to the defective and unsafe condition of the floor at the place where the plaintiff was required to be or stand while engaged in operating the machine, and it was averred that said defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant or of some person in the service or employment of the defendant and intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition. The testimony of the plaintiff as to the spilling of oil or grease on the floor at the place where he stood was such as to furnish some support for an inference that this had been such a common occurrence before the time he was hurt, that some coemployee, who was intrusted with the duty of seeing that the place was in proper condition must either have known of it or have been chargeable

with negligence in failing to discover or to remedy the resulting slippery and defective condition of the floor. We are of opinion that there was evidence tending to prove the material averments of the count in question, and that the court was not in error in refusing to give written charge 2, requested by the defendant.

It is contended that written charge 3, requested by the defendant, should have been given, because of the absence of any evidence tending to prove that Rump was a person intrusted by the defendant with superintendence, as alleged in the fifth count. There is no merit in this contention. The testimony of Rump himself, who was a witness for the defendant, tended to prove that he was a superintendent, charged with the duty of caring for the safety of the plaintiff, his subordinate coemployee.—*St. Louis & San Francisco R. Co. v. Brantley,* 168 Ala. 579, 590, 53 South. 305.

The refusal of the court to give written charge 7, requested by the defendant, was justifiable, because of its assumption of the existence of a fact as to which the evidence was in conflict. It assumes that there was a guard on the joiner. The plaintiff testified that the machine did not have any guard at all.

No reversible error is found in the record.

Affirmed.