# Alabama Terminal R. R. Co. *v.* Benns.

*Damage for Obstructing Street.*

(Decided November 7, 1914.   66 South. 589.)

1. *Municipal Corporations; Obstructing Streets; Property Owner; Right of Action.*—Where property is injured by the construction of a railroad embankment so as to obstruct a street, a property owner cannot recover therefor unless such obstruction is unlawful and constitutes a nuisance.

2. *Same; Burden of Proof.*—Where a property owner sues a railway company for damages for constructing an embankment which obstructs a street, the property owner has the burden to show that the injury to his property is a special peculiar injury, proximately resulting from the public nuisance complained of.

3. *Same; Complaint; Sufficiency.*—Where the complaint alleged that the railroad company had constructed an embankment which extended into a street from 10 to 15 feet, and filled two avenues where it crossed same, except for a small archway; that such embankment was intended for permanent use by defendant; that plaintiff's property was in front of and facing on the opposite side of the street from the embankment, and had been greatly damaged by reason thereof, and rendered more inconvenient to get to and from; that the view and light from certain directions had been greatly interfered with and cut off as was the circulation of air; that the property was exposed to danger of fire and subject to jarring noises, smoke, etc., and that its value was dependent upon its accessibility and the travel near it; and that the obstruction lessened such accessibility and travel, the complaint sufficiently showed that the injurious consequences complained of were special, peculiar to plaintiff's property, and not common to the public.

4. *Same; Measure of Damages.*—The measure of damages to a property owner for the unlawful, permanent obstruction of a street by the construction of an embankment for railroad purposes is the diminished market value of the property in proximate consequence thereof.

5. *Same; Evidence as to.*—Where the action was by a property owner for the unlawful obstruction of a street by the construction of a railroad embankment through which small arches were left for travel, so as to constitute a public nuisance, evidence of every circumstance arising from the wrongful use of the street and tending to impair the market value of plaintiff's property by reason thereof, was admissible.

6. *Same; Damages Recoverable.*—Where private property suffers special injury from the unlawful, permanent obstruction of a street by the construction of an embankment for the use of railroad purposes, the property owner is entitled to recover for the cutting off of his light, air and view, and for interference with his means of getting to and from his property, and for any unusual noises which reduce its value, as an element of damage.

7. *Same; Instructions.*—Charges asserting that the openings were reasonable and convenient, and that damages could not be awarded on account of the obstruction of such avenues, were properly refused as invasive of the province of the jury, the action being for damages by a property owner for the unlawful, permanent obstruction of such avenues by the construction of a railroad embankment.

8. *Abatement and Revivor; Receiver; Effect.*—The appointment of a receiver for a railroad company pending a property owner's action against such company for damages for the maintenance of a public nuisance did not have the effect of abating the suit.

9. *Appeal and Error; Review; Presentation; Affirmative Charge.* —Where a map was introduced in evidence in the court below, and much testimony was given relative to such map, but such map does not appear from the transcript, although referred to in the bill of exceptions, the appellate courts will not review the refusal of the affirmative charges requested by defendants, notwithstanding the bill of exceptions recites that it contains all the evidence.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. E. Benns against the Alabama Terminal Railroad Company, for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint contained two counts, and as amended is as follows:

Plaintiff claims of defendant   *   *   *   damages for that defendant in the construction of its railroad along the north side of Fourteenth street, and near the prop-

erty line of said street in the city of Bessemer * . * *
has erected a large, high embankment, for the main
line of its railroad tracks, ranging from, to wit, 18 to
30 feet high on the northeast side of said street between
Berkley and Clarendon avenues, and placed a part of
said embankment over into said street for a distance of
about, to wit, 10 or 15 feet; and in crossing Clarendon
and Dartmouth avenues, with said embankment and
railroad, defendant filled up each of said avenues with
said embankment, excepting only a small archway
about, to wit, 30 feet wide, and 15 feet high in the cen-
ter; and plaintiff avers that by reason of the construc-
tion of said embankment and railroad, which plaintiff
avers was intended for and is and will be a permanent
institution as a railroad, a common carrier of freight
and passengers, plaintiff's property, to wit, lots 13, 14,
15, and 16, in block 123, on the corner of said Four-
teenth street and Clarendon avenue, immediately in
front of and facing on the opposite side of said street
from said embankment and railroad, have been greatly
damaged and depreciated in value for that by reason
of said embrankment and railroad the value of the use
and occupation of said property has been greatly de-
preciated; his said property has been rendered more in-
convenient to get to and from; that the way to and
from his said property had been largely blocked and
abridged and rendered less desirable; that the entire
front view of his property to the city of Bessemer prop-
er had been cut off, excluding view and light north,
northeast, and east; that the circulation of air had been
materially interfered with; that the way to and from
his said property over the avenues and streets on the
side of his property next to said railroad has been nar-
rowed, cut down, and abridged, and plaintiff's said
property is exposed to danger from fire, and is sub-

jected to jarring noise, vibration, smoke, cinders, dust,
etc., from the operation of said railroad, to go upon
and fall and remain on plaintiff's said property. And
plaintiff avers that the part of Clarendon avenue be-
tween Fourteenth and Fifteenth streets, where it runs
into, crosses, or intersects Fourteenth street, and which
was an approach and public highway passing to and by
plaintiff's said property, and furnished an outlet there-
from, between plaintiff's said property and said city of
Bessemer, and Fourteenth street, which also furnished
an approach to, passageway by, and an outlet from,
said property, and which said avenue and street were
the only outlets or passageways to and from or by plain-
tiff's said property to the city of Bessemer and other
places; and plaintiff avers that each of said ways were
traveled and used by the public, and intended for such
use and travel, as well as outlet from plaintiff's said
property; and plaintiff avers that the value of his said
property is dependent on its accessibility, prominence,
and the number of people and travel which passed to,
in front of, and by, said property; and plaintiff further
avers that by reason of the construction of the said rail-
road and its operation as aforesaid, the public travel
to, from, and by said property along said way, as set
out above, has been largely diverted, and the promi-
nence and importance of plaintiff's said property has
been destroyed and diminished and its value dimin-
ished; and plaintiff avers that Clarendon avenue and
Fourteenth street, by reason of the construction and
operation of said railroad, as aforesaid, are rendered
less convenient and less accessible to the occupants and
those who desire to use or occupy said property of plain-
tiff; and plaintiff avers that said city of Bessemer was
laid off into lots, blocks, avenues, and streets, and said
streets dedicated, as well as said avenues, to public use

as public highways, long prior to the construction of said railway.

Count 2 is a practical repetition of count 1 in an abridged form, with this addition: "And plaintiff avers that he has suffered and will suffer all the damages mentioned in the first count of the complaint as amended, which said first count is hereby adopted and made a part of the second count."

The following are the charges referred to as given for defendant: "(A) The court charges you that you cannot award plaintiff any damages because the circulation of his air has been materially interfered with.

"(B) You cannot award plaintiff any damages on account of the usual noises made in the operation of defendant's train.

"(C) You cannot award plaintiff any damages for the closing of the alleyway between Clarendon and Dartmouth avenues on the north side of Fourteenth street.

"(D) The operation of a railroad constructed by lawful authority cannot, by reason of the noise, smoke, vibration, or other objectionable features necessarily incident thereto, be deemed a nuisance, in the absence of any negligence or abuse in the manner of its operation.

"(E) Unless you believe from the evidence that plaintiff has suffered special injuries different in kind from what the general public in the same neighborhood has suffered, you cannot award him any damages.

"(F) You cannot award plaintiff any damages on account of smoke given off from engines engaged in the usual and ordinary operations of its railroads.

"(G) Defendant had the right to construct the embankment testified about on its own property.

[Alabama Terminal R. R. Co. v. Benns.]

"(H) If you are reasonably satisfied from the evidence that travel has been diverted from and by plaintiff's land, you cannot award him damages, unless this diversion is caused by the construction of defendant's railroad, and not by the opening of other streets, by the city of Bessemer.

"(I) You can only allow damages caused by acts of defendant for which it was liable as charged by the court.

"(J) You can only allow plaintiff the reduced market value of his property caused by acts of defendant for which it is liable, and not any reduction caused by the lawful acts of defendant."

"(N) Though you may find the market value of plaintiff's property was reduced, you cannot allow him the full amount of such reduced value, unless you are reasonably satisfied from the evidence that such reduction was caused by acts of defendant for which the court has charged you that plaintiff might recover."

The following charges were refused to defendant:

"(2) The court charges that the way left open in Clarendon and Dartmouth avenues for public travel is reasonable and convenient.

"(8) You cannot award plaintiff any damages on account of the cutting off of the front view from his property to the city of Bessemer proper, including the view and light, north, northeast, and east."

"(22) You cannot award plaintiff any damages on account of the cutting off of his light, air, and view to the north of his property by the embankment of defendant."

"(34) The jury cannot award plaintiff any damages on account of Clarendon avenue being obstructed, or partially obstructed, by the construction of defendant's embankment."

(35) Same as 34 as to Dartmouth avenue.

The following are the excerpts of the oral charge assigned as error: "But the plaintiff in this case has an easement in the air on the street, he also has a right to the use of the street in getting to and away from his property, and if defendant obstructed those streets and avenues leading to and from this defendant's property without authority of law, it was guilty of maintaining on that street a nuisance. If any unusual noises and any unusual blowing of whistles or ringing of bells were committed by this defendant, and if they entered into and had any effect on the reducing of the value of this plaintiff's property, then you could consider them, but they would have to be unusual, and not such as would be in the ordinary operation of defendant's plant. If this plaintiff is entitled to recover, the true measure of damages is the difference between the market price of plaintiff's property immediately before the construction and operation of trains and the market price after the construction and operation of trains was begun."

TILLMAN, BRADLEY & MORROW, E. L. ALL, and T. T. HUEY, for appellant.

ESTES, JONES & WELCH, for appellee.

SOMERVILLE, J.—Action for damages for consequential injuries to property instituted by the property owner, the appellee, against appellant, which constructed an embankment, and a railroad thereupon, near plaintiff's property. There was judgment for the plaintiff of $500.

The report of the appeal will contain counts 1 and 2, as last amended, avoiding repetition as far as may be, in their reproduction.

The trial court gave to the jury special charges lettered (by us for convenience) A to J, inclusive, and that lettered N. These instructions will be set out in the report of the appeal. These special instructions and the charge of the court, delivered ex mero motu to the jury, affirmatively restricted the possible bases of plaintiff's right to recover for diminution in value of his property flowing or resulting *alone* from the fact, if found, that a part of the public streets were burdened without lawful authority, with an high embankment, on top of which a railway was constructed, and that the only lead to a right in the plaintiff to recover was upon the theory of a nuisance, affecting plaintiff's property, created by the unlawful use of the street so incumbered by the embankment and operated railway; and that in order to recover, and so as fixing the limit and measure of his recovery, the plaintiff must have shown that the injury he suffered in his property was a special, peculiar injury, proximately resulting from the public nuisance in consequence of. the public nuisance.—*Duy v. Ala. Western Ry. Co.*, 175 Ala. 162, 174-177, 57 South. 724, Ann. Cas. 1914C, 1119. Giving these affirmative restrictions, imposed by the court through the instruction of the jury, the proper, necessary effect, both below and here on review, it is obvious that many of the questions discussed in brief for appellant are without influence or bearing on this review.

No prejudicial error attended the overruling of the demurrers to amended counts 1 and 2. These counts sufficiently show that the injurious consequences complained of were special, peculiar to the plaintiff's property, and not common to the public. The diminished market value of the property in proximate consequence of the unlawful permanent obstruction of the street

and its use for railway purposes, was the true measure of plaintiff's damages.

All facts and circumstances which legitimately tended to afford evidential bases for the ascertainment of the diminution vel non of the value of the property by reason of the public nuisance were relevant and admissible. If the presence of the embankment and the operated railway in the public street was wrongful, constituting a public nuisance, and permanent in character, the plaintiff was entitled to show every circumstance arising from such wrongful use of the public street that tended to impair the market value of his property, to the end that the plaintiff might be compensated, if found so entitled, for all his damage in this single action at law.—*Dennis v. M. & M. Ry. Co.,* 137 Ala. 649, 658, 35 South. 30, 97 Am. St. Rep. 69. A careful consideration of each assignment of error, argued in brief, predicated of rulings on the admission of evidence—evidence tending to show interference with the comfortable use of the property and of the effect of the movement of engines and trains over the railway in respect of the enjoyment or use of the property—discloses no prejudicial error. If, in the wrongful permanent encroachment upon and use of the street, the right to view and light and the circulation of air in and over the street was infringed and resulted in the diminution in market value of his property on that street, certainly evidence of those effects of the wrongful act were receivable on the issue of diminution vel non in the market value of the property, in consequence of the public nuisance. The *Crofford Case,* 158 Ala. 288, 48 South. 366, did not involve a public nuisance, an *unlawful* encroachment upon a street. The doctrine of that decison, in respect of the easements of light, view, and air, is referable to cases where one improves his

own property, not where a public street is unlawfully obstructed.

Charges 2, 34, and 35, refused to defendant, were invasive of the province of the jury, and were properly refused. So, too, was the trial court correct in refusing to defendant charges 8 and 22. They would have deprived the plaintiff of proper elements of consideration in arriving at the damnifying effect of the asserted encroachment on the public streets.

There was no prejudicial error wrought by or in .the excerpts from the oral charge of the court of which defendant complains in assignments and in brief.

This suit was begun on February 5, 1909. Service of the summons was perfected on February 11, 1909. On February 15, 1909, a receiver was appointed by the Circuit Court of the United States. That appointment of the receiver had no effect to hinder or abate the prosecution to judgment of this *then* pending action against the defendant.—High on Receivers (4th Ed.) § 318; *Pine Lake Iron Co. v. La Fayette Car Works*, (C. C.) 53 Fed. 853.

Much of the testimony was given with express reference to the locus in quo as shown by a map. At the close of the evidence offered for the defendant, the defendant introduced in evidence the map made by the witness Lacy. This map, while referred to as an exhibit to the bill of exceptions, does not appear in the transcript. It thus appears that, notwithstanding the formal recital of the bill that it contains all the evidence adduced on the trial, the bill of exceptions does not embody very material matter presented and admitted in the court below. Under these circumstances this court cannot review the action of the trial court in declining to give the affirmative charges requested for defendant.—*Warble v. Sulzberger Co.,* 185 Ala. 603,

64 South. 361; *Continental Gin Co. v. Milbrat*, 10 Ala. App. 351, 65 South. 424.

There is no merit in the errors assigned and insisted upon in brief for appellant. So the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.