### BATES v. LOUISVILLE & N. R. CO.
### (6 Div. 799.)

(Court of Appeals of Alabama. Aug. 4, 1925. Rehearing Granted Oct. 27, 1925. Rehearing Denied Nov. 17, 1925.)

**I. Appeal and error ⪪695(2)—Giving general charge held not reviewable, in absence of diagram referred to by witnesses.**

In action for death of dogs struck by train, giving of general charge as to wanton negligence *held* not reviewable, where diagram was drawn on a blackboard and not copied in bill of exceptions, and much of testimony was based thereon.

**2. Courts ⪪91(1)—Court of Appeals bound by decisions of Supreme Court.**

Court of Appeals is bound by decisions of Supreme Court.

**3. Railroads ⪪447(1)—Charge denying recovery if dogs were killed in proximate consequence of mere accident held not reversible error.**

In action for death of dogs struck by train, charge, that if dogs were killed by defendant's engine in proximate consequence of mere accident, plaintiff could not recover, *held* not reversible error.

**4. Railroads ⪪447(1)—Charge denying recovery if death of dogs was not due to negligence held not error.**

Charge that if death of dogs struck by engine was not due to any negligence on part of defendant's operatives plaintiff could not recover *held* not reversible error.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by D. J. Bates against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed on rehearing.

Certiorari denied by Supreme Court in Ex parte Bates, 214 Ala. 77, 106 So. 395.

Count A charges that the defendant's agents or servants, while acting within the line and scope of their employment, negligently caused or allowed one of defendant's trains to run into, over, or against four dogs, the property of plaintiff, and as a proximate consequence thereof said dogs died. Count B charges wanton negligence.

Charges 4 and 5, given at defendant's request, are as follows:

"(4) I charge you that if you are reasonably satisfied from the whole evidence that the dogs mentioned in the complaint were killed by the defendant's engine in proximate consequence of mere accident then the plaintiff cannot recover.

"(5) I charge you that if the death of the dogs described in the complaint, was not due to any negligence on the part of defendant's employees on engine 1024, then the plaintiff cannot recover."

Graham Perdue, of Birmingham, for appellant.

The giving of charge 4 was error. Grauer v. Ala. Great Southern R. Co., 209 Ala. 568, 96 So. 915. Charge 5, given for defendant, is misleading and confusing, and constitutes reversible error. Ala. City R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162. It was error to give the affirmative charge as to count B. Ala. City R. Co. v. Lumpkin, supra; Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; Tenn. A. & G. v. Daniel, 200 Ala. 600, 76 So. 959; Sou. Ry. v. Shelton, 136 Ala. 191, 34 So. 194; Sou. Ry. v. Hyde, 164 Ala. 162, 51 So. 368.

---

⪪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jones & Thomas, of Montgomery, and Mc-Clellan, Rice & Stone, of Birmingham, for appellee.

The appellate court cannot review the action of the trial court in giving the affirmative charge as to count B. A. T. R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Warble v. Sulzberger Co., 185 Ala. 603, 64 So. 361; Sloss-Sheffield Co. v. Redd, 6 Ala. App. 404, 60 So. 468; Continental Gin Co. v. Milbrat, 10 Ala. App. 351, 65 So. 424. Charge 4 was given without error. Williams v. Anniston Elec. Co., 164 Ala. 84, 51 So. 385; 1 C. J. 393; Pace v. L. & N., 166 Ala. 519, 52 So. 52; Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

SAMFORD, J. [1] It is insisted on the part of appellee that this court cannot consider the action of the trial court in giving the general charge as to count B, for the reason that a diagram of the locus in quo was drawn on a black board and used on the trial, and that this diagram is not copied in the bill of exceptions. Much of the testimony of the witnesses was based upon this diagram, without which their testimony is meaningless, and for this reason we cannot review rulings of the trial court in giving the general charge as to count B. Ala. Term. R. R. v. Benns, 189 Ala. 590, 66 So. 589; Warble v. Sulzberger, 185 Ala. 603, 64 So. 361; S. S. Co. v. Redd, 6 Ala. App. 404, 60 So. 468.

[2, 3] Charge 4, given at the request of defendant, is in effect the same as charge E held to be good in Williams v. Anniston E. & G. Co., 164 Ala. 84, 51 So. 385. We are in accord with the later case of Grauer v. A. G. S. R. Co., 209 Ala. 568, 96 So. 915, which holds that such charges "are calculated to confuse the jury, and had better be refused." An accident may be the result of actionable negligence, and indeed, where the element of wantonness is lacking, injuries resulting from simple negligence may usually be classed as such. "Mere" is defined as being "pure," but when used as qualifying "accident," we do not think it conveys to the average mind a term synonymous with "unavoidable accident." But, the giving of charge 4 is held to be free from error in Williams v. Anniston E. & G. Co., supra, which has been reaffirmed in later cases of our Supreme Court, by whose decisions we are bound. We therefore must hold that the giving of charge 4 at the request of defendant did not constitute reversible error. Pace v. L. & N. R. R., 166 Ala. 519, 52 So. 52; Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

[4] As we have seen, this court must assume that there was sufficient evidence to warrant the giving of the general charge as to the wanton count. That being so, and charge 5 asserting a correct proposition of law as applied to the count charging simple negligence, the giving of this charge at the request of defendant does not constitute error.

There being no error in the record, the judgment is affirmed.

Affirmed.

### On Rehearing.

Original opinion withdrawn. Opinion substituted. Application for rehearing granted. Judgment affirmed.