## GODFREY v. VINSON. (3 Div. 768.)

(Supreme Court of Alabama. June 24, 1926. Rehearing Denied Nov. 4, 1926.)

**1. Appeal and error** &#x21d2;655(2).

Under Code 1923, § 6434, bill of exceptions will not be stricken or disregarded by court ex mero motu because not presented or signed within time required by law, but only on motion to strike duly made and submitted with cause.

**2. Appeal and error** &#x21d2;927(7).

In dealing with affirmative charge refused to defendant, where plaintiff has verdict, court must look to strongest tendency of evidence for plaintiff.

**3. Appeal and error** &#x21d2;695(3).

Rulings on effect of evidence, depending for proper understanding on diagrams used at trial, cannot be reviewed, where diagrams are not presented on appeal.

**4. Automobiles** &#x21d2;158—Driving at night without lights on, on left side of street, or cutting corner, under special conditions of danger known, may support inference of wantonness (Code 1923, §§ 6264, 6266).

Driving at speed of 25 miles per hour at 11 o'clock at night without lights, in violation of Code 1923, § 6264, or on left side of street, or cutting corner in turning into street to the left without keeping to the right of crossing, in violation of section 6266, is negligence, neither of acts standing alone being evidence of wantonness under all conditions, but where special conditions of danger are known to defendant, either may support inference of wantonness.

---

**5. Negligence ⬤⇒1.**

Concurrent disregard of several legal duties has cumulative effect.

**6. Negligence ⬤⇒11.**

"Wantonness" may arise from knowledge that persons, though not seen, are likely to be in position of danger and bringing on disaster with conscious disregard of known conditions and in violation of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonness.]

**7. Negligence ⬤⇒11.**

"Wantonness" may arise after discovery of actual peril by conscious failure to use preventive means at hand.

**8. Automobiles ⬤⇒245(5).**

Evidence that defendant's automobile cut across street before reaching crossing and suddenly made left turn, colliding with bicycle rider, *held* to make refusal of affirmative charge on wanton count proper.

**9. Negligence ⬤⇒119(7).**

Count for simple negligence includes issue of negligence after discovery of peril.

**10. Automobiles ⬤⇒245(91).**

Negligence subsequent to discovery of peril by defendant in automobile, cutting across street without lights before reaching crossing and suddenly making left turn, colliding with bicycle rider, *held* for jury.

**11. Negligence ⬤⇒83.**

Where negligence by defendant after discovery of peril appears, negligence of plaintiff not subsequent to his discovery of his own peril is not in law "contributing cause" of injury.

[Ed. Note.—For other definitions, see Words and Phrases, Contributing Cause.]

**12. Automobiles ⬤⇒245(38).**

In action for injuries to bicyclist, struck by automobile having no lights and making sudden left turn, affirmative charge on simple negligence count under evidence *held* properly refused.

**13. Automobiles ⬤⇒246(28)—Requested charges relating to initial contributory negligence of bicyclist struck by automobile, and not to negligence after discovery of peril, held properly refused under evidence.**

In action for injuries to bicyclist struck by defendant's automobile, requested charges predicating finding of contributory negligence in running bicycle at speed in excess of six miles per hour, running at night without lighted lamp attached, coasting, and failing to sound gong at crossing, in violation of ordinance, relate to initial contributory negligence and not to negligence of plaintiff after discovery of his own peril, and hence, under evidence, were properly refused.

**14. Negligence ⬤⇒56(1).**

"Proximate" means next in relation to cause and effect, and, together with word "re-

mote," is used to distinguish between actionable and nonactionable negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate.]

**15. Negligence ⬤⇒97.**

Law of comparative negligence does not obtain in this state, but if plaintiff's negligence contributes in some measure as a proximate cause of injury, it is sufficient to deny recovery.

**16. Trial ⬤⇒260(8)—Charge to deny recovery for contributory negligence in least degree covers charge to deny recovery for contributory negligence in remotest degree, warranting refusal thereof.**

Instruction to deny recovery for injuries to bicyclist by automobile if plaintiff was guilty of contributory negligence in the least degree proximately contributing to his own injury fully covers charge to deny recovery for contributory negligence in remotest degree, warranting refusal thereof.

**17. Automobiles ⬤⇒226(2)—Charge that bicyclist's violation of ordinance would not prevent recovery unless contributing proximately to injury by automobile and that burden of proving this was on defendant held proper.**

In action for injuries to bicyclist struck by automobile, charge that violation of ordinance would not prevent recovery by plaintiff for simple negligence by defendant unless such violation contributed proximately to injury and that burden of showing this is on defendant *held* proper.

**18. Automobiles ⬤⇒226(1).**

Charge that violation of ordinance is not defense to charge of wanton injury to bicyclist struck by automobile *held* without error.

**19. Damages ⬤⇒132(6).**

Verdict of $9,000 for permanent injury and shortening of leg and suffering for five or six months in its treatment *held* not excessive, especially where there was evidence of wanton injury.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action for damages by J. B. Vinson against H. T. Godfrey. From a judgment for plaintiff, defendant appeals. Affirmed.

The witness Dr. A. H. Montgomery testified that he treated the plaintiff on the occasion of the accident; that plaintiff was "bruised up a good deal and had a fracture at the junction of what is termed the middle and lower part of the femur"; that the leg was placed in "sand bags" and kept there for about five weeks; that there was no union and an operation was performed, sawing off the bone to make it raw and putting on a steel plate with screws put through to hold the bone in place; that the bone still did not unite, but began to slough; that finally, after treatment, the bone united, "but at an angle that makes his leg crooked and

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

short." The witness further testified that "all during this time" plaintiff "suffered terribly from emaciation, and at one time it looked as if we would have to cut his leg off in order to save his life"; and that plaintiff was confined in the hospital five or six months. The witness further testified:

"As far as the operation of scraping the bone is concerned, we have been doing that ever since, and will have to do it some yet. He has got a bad leg like it is now. It is a permanent injury. It is shorter. He will never have a good leg; never have a perfect leg. It is set somewhat at an angle now. * * * I don't think he will ever be able to do hard work on that leg."

These charges were given for plaintiff:

"(a) The court charges the jury that the violations of the city ordinances introduced in evidence would not prevent the plaintiff from recovering of the defendant for simple negligence on the part of defendant as charged in the first count of the complaint unless the jury is reasonably satisfied from the evidence that such violation contributed proximately to the injury complained of and the burden of proof of such fact rested on defendant to so reasonably satisfy the jury.

"(b) The court charges the jury that the violation of the city ordinances introduced in evidence by the defendant is not a defense to plaintiff's claim as set forth in the second count of the complaint."

There was verdict for plaintiff for $9,000 and judgment accordingly.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

The affirmative charge as to the wanton count should have been given for defendant. Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Copeland v. Central of Georgia R. Co., 213 Ala. 620, 105 So. 809. The damages were excessive. Central of Georgia R. Co. v. Robertson, 206 Ala. 578, 91 So. 470. The breach of a city ordinance on the part of plaintiff is negligence as matter of law, and, if it contributes to the injury in the remotest degree, it is a complete defense to a count charging negligence. Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40; Id., 205 Ala. 130, 87 So. 18.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The bill of exceptions was not presented to the trial judge within 90 days after judgment, and, appeal being taken from the original judgment, the bill of exceptions cannot be looked to in reviewing the original judgment or judgment on motion for new trial. McMillon v. Skelton, 208 Ala. 693, 95 So. 148. In the absence from the bill of exceptions of the diagrams used in evidence, the court cannot review the giving or refusal of the affirmative charge as to

count 2. Bates v. Louisville & N. R. Co., 21 Ala. App. 176, 106 So. 394; Alabama Terminal R. Co. v. Benns, 189 Ala. 599, 66 So. 589. In reviewing the refusal to give the affirmative charge, the scintilla rule applies. McMillan v. Aiken, 205 Ala. 40, 88 So. 135. There was ample evidence to support the wanton count. Louisville & N. R. Co. v. Williams, 183 Ala. 138, 62 So. 679, Ann. Cas. 1915D, 483. When there is evidence of subsequent negligence, a charge on contributory negligence, to be good, must not ignore the subsequent negligence feature. Mobile Light & R. Co. v. Logan, 213 Ala. 672, 106 So. 147; Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837.

BOULDIN, J. This was an action in damages for personal injuries arising out of a collision between an automobile owned and driven by defendant, and a bicycle ridden by plaintiff, a police officer of the city of Montgomery. The collison occurred at the intersection of Montgomery and Wilkerson streets in this city. The case was tried on count 1 for simple negligence, count 2 for wanton injury, plea of the general issue, and plea of contributory negligence to first count.

[1] Under present statute a bill of exceptions will not be stricken or disregarded by the court ex mero motu because not "presented" or "signed" within the time required by law, but only on motion to strike duly made and submitted with the cause. Code, § 6434.

Appellant presents the ruling of the court in submitting to the jury the issue under the wanton count—refusal of the affirmative charge thereon. Wantonness has been so often and so clearly defined that we merely cite a few of the many cases. B. R. & R. Co. v. Bowers, 110 Ala. 328, 20 So. 345; L. & N. R. R. v. Brown, 121 Ala. 221, 25 So. 609; M. & C. R. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; A. G. S. R. Co. v. Burgess, 114 Ala. 587, 22 So. 169; Southern Ry. v. Gantt, 210 Ala. 383, 98 So. 192; Mobile Light Co. v. Gadik, 211 Ala. 582, 100 So. 837; Johnson v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920; Copeland v. Cen. of Ga. Ry. Co., 213 Ala. 620, 105 So. 810.

[2, 3] In dealing with the affirmative charge refused to defendant, the court must look to the strongest tendencies of the evidence for plaintiff. In this connection we must note that it appears one or more diagrams showing the locus in quo were used in the examination of witnesses. The diagram is not before us, and much testimony is unintelligible without its aid with some indicia of locations, distances, lines of motion, and the like, which were pointed out to the jury but are not available to us. To illustrate, Mrs. Godfrey, wife of defendant, says:

"I can show you on the diagram where the collision took place. We came up; we were coming right up here; and we turned, about

right like this way. I saw this man coming right along here, and so did Mr. Godfrey."

Evidence of plaintiff's witnesses is in like condition. In this state of the case we cannot review rulings on the effect of the evidence upon issues to which, the omitted evidence relates. Bates v. L. & N. R. R. Co. 21 Ala. App. 176, 106 So. 394; Ala. Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589.

[4, 5] There is evidence that defendant was running his car at a speed of about 25 miles per hour at 11 o'clock at night without lights (Code, § 6264), on the left-hand side of the street (Code, § 6266), "cutting the corner," turning into a street to the left without keeping to the right of the crossing (Code, § 6266). Any of these violations of law is negligence. Neither of them, standing alone, would be evidence of wantonness under all conditions, but they tend to show that disregard of the legal safeguards to human life which is rushing scores, even hundreds, to violent and untimely death. Under special conditions of danger, known to defendant, either may tend to support an inference of wantonness. Concurrent disregard of several legal duties has a cumulative effect. There is evidence that at the moment plaintiff and another bicyclist following were coming down Montgomery street in the proper position and entering the intersection of Wilkerson street; that another car was coming in the same direction a short distance behind them; that the crossing was lighted by an electric street lamp. Defendant admits cutting across Montgomery street before reaching the crossing in order to pass in front of the approaching automobile. Plaintiff's evidence tends to show defendant's line of motion indicated a purpose to go on up Montgomery street, but he suddenly whipped into Wilkerson street; hence the collision. Plaintiff further contends he was at the time throwing a flashlight on defendant's car to warn him his lights were not on.

[6, 7] Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. Wantonness may, of course, arise after discovery of actual peril by conscious failure to use preventive means at hand. The evidence of defendant was sharply at variance with that of plaintiff upon important issues of fact.

[8] The above synopsis is sufficient to indicate that, in view of details pointed out to the jury in the presence of the trial court and not before us, we cannot say there was error in refusal of the affirmative charge on the wanton count.

[9-12] The count for simple negligence included the issue of negligence after discovery of peril. The evidence made a proper issue for the jury on such subsequent negligence.

Where such negligence appears, negligence of plaintiff, not subsequent to his discovery of his own peril, is not in law the contributing cause of his injury. There was no error in refusing to defendant the affirmative charge on the simple negligence count.

[13] Several charges refused to defendant predicate a finding as to count 1 upon contributory negligence in the violation of certain city ordinances by plaintiff, viz., running the bicycle at a rate of speed in excess of six miles per hour, running at night without a lighted lamp attached, coasting on the street, and failure to sound a gong at the crossing. All those relate to initial contributory negligence. None rely upon negligence of plaintiff after discovery of his own peril, and were properly refused for that reason. Several refused charges direct a verdict for defendant as to the simple negligence count, if plaintiff's negligence "contributed proximately, even in the remotest degree, to his injuries." These charges are modeled after charge No. 8, approved in Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40, a decision by the Court of Appeals, sustained by this court on certiorari. Ex parte Beasley, 203 Ala. 696, 82 So. 893.

[14-16] Appellee forcibly criticizes "remotest degree" used in connection with proximate cause of injury. "Proximate" means, derivatively, "next" or "nearest." In the law of negligence it means next in relation of cause and effect—the immediate efficient cause in direct chain of causation. "Proximate" and "remote" are the commonly used legal terms to distinguish between actionable and nonactionable negligence as the cause of injury. Garrett v. L. & N. R. Co., 196 Ala. 52, 71 So. 685. In this state the law of comparative negligence does not obtain. The jury is to institute no comparison as to whether plaintiff is equally negligent with defendant, or whether his negligence equally contributes to the injury. If plaintiff is negligent, and his negligence contributes in some measure as a proximate cause of the injury, this is sufficient. The expression, "remotest degree," is intended to express this doctrine. Contribute in the "least degree" is the more apt expression. The trial court so conceived, as witness the following from his oral charge:

"Of course, if you believe from the evidence in this case that the plaintiff in the case was himself on that night guilty of contributory negligence in the least degree, and that such negligence proximately contributed to his own injury, of course, he could not have a verdict on the count in simple negligence."

This instruction, in connection with other portions of the oral charge and given charges, fully covered the law as presented in refused charges. We do not find it necessary to approve or disapprove Dowdell v. Beas-

ley, supra, on the point raised. See Salter v. Carlisle, 206 Ala. 163, 90 So. 283.

[17, 18] The giving of charges (a) and (b) for plaintiff was without error.

[19] In view of the issues properly submitted to the jury, the nature and permanency of the injury suffered by plaintiff, his prolonged suffering and expense, the verdict will not be disturbed as excessive. The report of the case sets forth a synopsis of the testimony of Dr. Montgomery touching the injuries.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.