19 So.2d 85

**DOWNEY v. JOHNSON.**

8 Div. 392.

Court of Appeals of Alabama.

Aug. 22, 1944.

H. T. Foster, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

CARR, Judge.

Bobbie Lee Johnson, a minor under seven years of age, brought suit by his next friend, Lee Johnson, against C. J. Downey for personal injuries alleged to have been inflicted by an automobile driven at the time by defendant on a public highway in Jackson County, Alabama.

The complaint contains Count One, charging simple negligence, and Count Two, alleging willful or wanton negligence.

The pleas were the general issue. Both counts of the complaint were submitted to the jury and the trial resulted in a verdict and judgment in favor of the plaintiff.

With some additions which we will later observe, we state the tendencies of the evidence from appellant's able brief:

"The testimony offered before the jury by the plaintiff was to the effect that the plaintiff and his grandfather went across the road just above what is known as the Arch Bridge and on the north side of the highway on the afternoon of April 14, 1941, to help pick some flowers for Mrs. Jackson, a lady who lived in Scottsboro, Alabama, and that after picking the flowers and putting them in Mrs. Jackson's car, Mrs. Jackson then drove up the highway traveling west and met the Downey car traveling east. The plaintiff insists at the time that he had come across the highway on the south side of same and was traveling west on the gravel shoulder of said highway at the time he was struck and his grandfather, Sam Dobbs, had crossed approximately half way across the highway and had stopped for the Downey car to pass by him. His testimony was in part corroborated by Sam Dobbs and also by the witness who was traveling west in an automobile, and according to her testimony some two hundred yards away, said witness being Mrs. U. M. Shrader and by Mrs. Jackson's testimony taken at previous time. Testimony further shows appellant Downey's car skidded its wheels approximately thirty feet before striking the child and that the child was struck and knocked some twelve to sixteen feet and that the Downey car then came to a complete stop within six feet from where the impact with the child occurred and before reaching the place where the child was picked up. It is the testimony of the defendant and witness T. M. Capes, that the plaintiff and his grandfather were on the north side of the road and when first observed after passing the Jackson car traveling west, the grandfather took about two steps out into the highway and the little appellee then lowered his head and began running and ran at an angle across the highway toward his home and that defendant then and there applied his brakes, locked his wheels and skidded until he hit the child with the left side of his front bumper and at the time the child was hit, the testimony further shows that the right front wheel and right rear wheel of the Downey car were off of the black-top part of the road and on the gravel walkway or shoulder of said road, which fact is in part corroborated by cross examination of Sam Dobbs."

Mrs. Shrader was in the Jackson car when appellant's car passed. She testified that her attention was attracted to the safety of the child because of the rapid speed of appellant's car as it passed the car she was occupying. To use her expression, "this car zipped by us." After qualifying as a driver of twenty years experience, the witness stated that in her opinion the car was traveling at the rate of around sixty miles an hour.

Witness Capes was occupying the car with appellant. Both stated the traveled rate of speed to be about thirty miles per hour.

Appellee's witness, Mrs. Brackie Jackson, testified at a former trial of the case. Over timely objections of appellant the trial court permitted the stenographic transcript of her testimony on the former trial to be read to the jury in the instant case. This action is made the basis of Assignments of Error 1 and 2. It is urged that sufficient proof was not introduced to show that the witness was beyond the jurisdiction of the court, and therefore the rule in such cases should not have been applied.

To sustain his position appellee relied principally on the testimony of Mrs. Lowery Smith. The witness declared that Mrs. Jackson formerly operated the Scottsboro Hotel, that she was no longer thus engaged and was operating the Valpraiso Inn at Valpraiso, Florida. On cross-examination she stated that she had not heard from Mrs. Jackson, or seen her, in five years, but had seen mail addressed to her at the above stated address. And:

"Q. You don't know where she is except that she went there and you are going on the assumption she is still there?"
"A. Yes."

Appellant introduced no testimony on this inquiry.

In the case of Ætna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269, Justice Bouldin made this observation: "Since an official stenographic report of former testimony, given in the same cause with full privilege of cross examination, is now available in courts of record, the caution sometimes expressed where parol testimony is relied upon to prove the former testimony of the witness is not so essential."

The effort to obtain a fair and full disclosure of all material evidence in the trial of a cause adds weight and import to this statement. We are of the opinion and so hold that there was no error in allowing the introduction of the evidence of the absent witness, Mrs. Jackson, taken on the former trial. Hines, Director Gen., v. Miniard, 208 Ala. 176, 94 So. 302, and authorities therein cited; Morris v. State, 146 Ala. 66, 41 So. 274; Lett v. State, 124 Ala. 64, 27 So. 256; Wilson v. State, 140 Ala. 43, 37 So. 93.

It is next urged that the trial court should have given, at appellant's request, the general affirmative charge to the wanton count. No authorities are cited in support of this position. Wantonness has been often defined by our appellate courts. It is sufficient here to only cite some authorities. Birmingham Ry. & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345; Louisville & N. R. Co. v. Brown, 121 Ala. 221, 25 So. 609; Memphis & C. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; Alabama G. S. R. Co. v. Burgess, 114 Ala. 587, 22 So. 169.

■ Some photographs showing the locus in quo were exhibited to the court and jury and introduced in evidence. These exhibits are not before us for inspection. This prevents us, of course, from reviewing the effect of the evidence to which these pictures relate. Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394; Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589.

■ We do not wish to be understood as holding that without this undisclosed evidence the charge in question should have been given. The state of the record prevents us from giving an intelligent and complete consideration of all the evidence which we are required to do in passing on the instant inquiry. Warble v. Sulzberger Co., 185 Ala. 603, 64 So. 361; Continental Gin Co. v. Milbrat, 10 Ala.App. 351, 65 So. 424.

■ In passing on the propriety vel non of the trial court's refusing the affirmative charge to the defendant, the appellate court must consider the evidence for the plaintiff in its strongest aspects. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13. See also,

McMillan v. Aikin, 205 Ala. 35, 88 So. 135; Chevrolet Motor Co. v. Commercial Credit Co., 214 Ala. 433, 108 So. 248. There was no error in the ruling of the trial court in this particular. Dozier v. Woods, 190 Ala. 279, 67 So. 283; Granberry et al. v. Barter, 209 Ala. 257, 96 So. 148.

■■ Insistence is made that the court was in error refusing appellant's written charges 1 and 3. As these charges appear in the record proper and motion for new trial, they are abstract. The word "plaintiff" is written in each charge, where unquestionably "defendant" was intended. However, the mandate of the statute requires that written charges be refused or given in the form in which they are written and the trial court is without authority to change or supply words to complete the evident intent of the framer of the charge. Thomas v. State, 124 Ala. 48, 27 So. 315; McWhorter v. Bluthenthal & Bickert, 136 Ala. 568, 33 So. 552, 96 Am.St.Rep. 43; Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699.

■ Assignment of error No. 6 is not insisted upon in brief of counsel for appellant and therefore will be considered waived. Johnson v. State, 152 Ala. 93, 44 So. 671.

The remaining assignments of error, 7 and 8, relate to the action of the trial court in overruling appellant's motion for a new trial. The grounds there stated are in the main questions which arose during the progress of the trial, and which have had our careful and diligent consideration. Our conclusions are set out in this opinion.

■ The facts and circumstances surrounding the injury to the child were in conflict and a jury question was clearly presented. The case was carefully tried under the judicial guidance of the able trial judge. It was the judgment of the court that the verdict of the jury should not be disturbed. Under the law and facts in the case, we are compelled to the conclusion that we are without authority to take a contrary view. Davis v. State, 29 Ala.App. 421, 198 So. 153; Taylor v. State, 30 Ala. App. 316, 5 So.2d 117; Alabama Power Co. v. Adams, ante, p. 438, 18 So.2d 145.

It is ordered that the cause be affirmed.

Affirmed.