(79 South. 453)
MONTEVALLO MINING CO. v. UNDERWOOD. (7 Div. 919.)

(Supreme Court of Alabama. June 6, 1918. Rehearing Denied June 29, 1918.)

1. TRIAL ☞194(19) — INSTRUCTIONS — INVASION OF PROVINCE OF JURY.
    In action for injuries to a miner in being struck by a motorcar while riding an empty car, instructions requested relating to the degree of care, and the effect of rules as to riding on cars were properly refused, as invading the province of the jury.

2. NEGLIGENCE ☞100 — CONTRIBUTORY NEGLIGENCE—EFFECT—WILLFUL WRONGS.
    Negligence on the part of a person injured will not defeat a recovery as for a wanton or willful wrong.

3. NEGLIGENCE ☞83—CONTRIBUTORY NEGLIGENCE—DISCOVERED PERIL.
    Initial negligence on the part of a person injured will not bar his right to recover for a

wrong negligently caused, or permitted after discovery of his peril.

4. MASTER AND SERVANT ☞118(2) — MINING OPERATIONS—STATUTES.

Mining Law, § 98, has no application to tramways or tram tracks outside of mines disconnected with such ways in mines.

5. MASTER AND SERVANT ☞296(7) — INJURY TO SERVANT—INSTRUCTIONS.

In a miner's action for injury while riding on a motorcar, an instruction attempting to apply the rule as to a person advisedly taking dangerous way when a safe one is open, but omitting the element that one way was safe and the other unsafe, was properly refused.

6. MASTER AND SERVANT ☞289(21) — INJURIES TO SERVANT—ASSUMPTION OF RISK.

In a miner's action for injury while riding on an empty car, the act of riding in such car at the foreman's direction could not, as a matter of law, be held to involve obvious danger.

7. MASTER AND SERVANT ☞296(16)—INJURY TO SERVANT—INSTRUCTIONS.

In a miner's action for personal injuries, an instruction *held* not open to the objection that the jury might conclude that a willful wrong caused the injury, notwithstanding simple negligence alone characterized the omission causing such injury.

8. APPEAL AND ERROR ☞524 — RECORD ON APPEAL—MAPS.

On appeal a map found with a record, but wholly unattached and unidentified in the transcript, cannot be considered; it not being made a part of the record.

9. MASTER AND SERVANT ☞285(10) — INJURIES TO SERVANT—PROXIMATE CAUSE—RULES AND ORDERS.

In a miner's action for personal injury while riding in an empty car by his foreman's direction, evidence *held* not as a matter of law to require a finding that plaintiff's injury was not proximately caused by his foreman's direction.

Appeal from Circuit Court, Shelby County; Lum Duke, Judge.

Action by Richard Underwood, pro ami, against the Montevallo Mining Company, a corporation, for personal injury. Judgment for plaintiff, and defendant appeals. Affirmed.

The following matter is directed to be set out:

Assignment 4. The court erred in charging the jury orally as follows: "If you should find that the injury complained of was willfully, wantonly, and intentionally inflicted, then it would be in your province, if you saw fit to do so, to impose an additional amount in the way of damages, by way of punishment to defendant corporation, for its willful, wanton, or intentional act in inflicting—negligently inflicting—an injury on plaintiff. There is no limit to that except that such reasonable amount as in your judgment would be reasonable and right under all the facts and circumstances in this case."

10. The court erred in refusing the following charge to plaintiff: "The court charges the jury that reasonable care is that degree of care which an ordinarily prudent man under similar circumstances would have exercised, and that it was the duty of plaintiff to have exercised reasonable care in and about the performance of the duties assigned him, and if you find from the evidence that a reasonably prudent man would not have attempted to ride upon the car upon which plaintiff was riding when he received his alleged injury, and that by reason of his so doing he proximately received his alleged injury because of his failure to exercise such due care, and such failure on his part solely and proximately caused his injury, then you cannot find a verdict for plaintiff."

11. The court erred in refusing to give the following charge for defendant: "The court charges the jury that, if you find from the evidence that there was in force and effect a reasonable rule of defendant promulgated by defendant, and of which plaintiff had notice, prohibiting plaintiff and others from riding on said tram cars on which plaintiff was riding at the time he received his alleged injury, and that plaintiff, in violation of said rule, was riding on said tram car, and that this violation of said rule proximately and solely caused his injury, you cannot find a verdict for plaintiff."

13. In refusing the following charge to defendant: "If you find from the evidence that plaintiff willfully disregarded the statute of the state of Alabama prohibiting his riding on haulage trips, and as a proximate consequence was injured by reason of a disregard of this statute, you cannot find a verdict for plaintiff under counts A, B, and E of the amended complaint."

14. The court erred in refusing the following charge to defendant: "The court charges the jury that a custom can in no case impart the qualities of due care and prudence to an act which involves obvious peril, which is voluntarily and unnecessarily done, and which the law declares itself to be negligent, and if you find from the evidence such plaintiff, when he was riding upon said car, was not exercising reasonable care, and that the danger was obvious, and that his act was voluntary and unnecessary, and in violation of the law, and proximately and solely caused plaintiff's injury, you cannot find a verdict for plaintiff."

15. The court erred in refusing the following written charge to defendant: "The court charges the jury that, if you find from the evidence that there was a safe way for plaintiff to have gone to the commissary and returned to his work, i. e., along the public road, running along beside said tram track, and an unsafe way for him to have gone to the commissary, and returned to his work, i. e., by mounting defendant's tipple and riding upon the empty tram cars from the tipple to the stock piles, and that plaintiff adopted this unsafe way of returning to his work, and was proximately injured thereby, you cannot find a verdict for plaintiff under counts A, B, and C of the amended complaint."

V. J. Nesbit, of Birmingham, for appellant. Longshore, Koenig & Longshore and Riddle & Ellis, all of Columbiana, for appellee.

McCLELLAN, J. The plaintiff (appellee) was run over and greatly injured by a motorcar driven by a gasoline engine on a tram track which the defendant (appellant) used to move the output of its mine from the "stock pile" to the point of loading on the cars of a carrier. The amended complaint contained counts A to F, inclusive; and the formulation of the issues was in short by consent with leave to offer evidence of any matter of defense, and thereupon of avoidance, as if fully pleaded. Counts A, D, and E aver the existence of the relation of master and servant at the time plaintiff was injured; while counts B, C, and F proceed without averment of the existence of that relationship. Whether plaintiff was at the time of his injury then engaged in the service of the defendant was the subject of dispute in the evidence, thus eliminating, so

far as the general affirmative instruction as to particular counts charging simple negligence was concerned, considerations that have led this court to hold that, in simple negligence cases, one may not sue as a stranger and recover upon proof which affirmed the existence of the relation of master and servant. So. Ry. Co. v. Cooper, 172 Ala. 505, 512, 55 South. 211; Choate v. R. R. Co., 170 Ala. 590, 54 South. 507; Tenn. Coal Co. v. Davis, 194 Ala. 149, 69 South. 544. With respect to the counts averring the existence of the relationship of master and servant (A, D, and E), these counts ascribe plaintiff's injury to these causes: Count A, negligence of an employé of the common master who had charge or control of a motorcar on a railway, under subdivision 5 of Code, § 3910; count D, negligent order by a named superintendent, under subdivision 2 of Code, § 3910; and count E, defect in the condition of the ways, etc., under subdivision 1 of Code, § 3910. With respect to the counts omitting any averment of such relationship (B, C, and F), those lettered B and C proceed on the theory that plaintiff's injury was caused by wanton or willful misconduct on the part of an employé of the defendant who was operating the motor, the former (B) averring that the operative was aware of plaintiff's peril, and the latter (C) charging, simply, that the motorcar was wantonly, willfully, or intentionally caused or allowed to run over or against the plaintiff, and count F, which expressed the theory that the plaintiff's injury proximately resulted from simple negligence after the discovery of plaintiff's peril.

There is no insistence upon any assignment of error based upon rulings on the sufficiency of the counts. All of the assignments insisted upon relate to the instruction of the jury. The report of the appeal will reproduce the subjects of assignments of error 4, 10, 11, 13, 14, and 15. Those numbered 5, 7, 8 and 9 invoke review of the action of the court in refusing the general affirmative charges as to counts B, D, E, and F.

[1-3] The court was fully justified in refusing to give, at the defendant's instance, the special requests quoted in assignments of error 10, 11, and 14. These requests would, if given, have invaded the jury's province, and, as well, would have unjustifiably restricted the issues to be determined by the jury. They are also subject to other criticisms warranting their refusal. There was evidence for the plaintiff tending to show that the operative of the motor was aware of the plaintiff's peril, but, notwithstanding this knowledge, either wantonly or willfully caused or suffered the motorcar to run upon him, or, as the immediate consequence of simple negligence after discovery of his peril, permitted the motorcar to run against him. Renfroe v. Collins, 78 South. 395, 398, 399,[1] treating charge A. It is hardly necessary to add that negligence on the part of the injured person will not defeat a recovery as for a wanton or willful wrong, or that initial negligence on the part of the injured person will not bar his right to recover for a wrong negligently caused or permitted after discovery of his peril. L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; Anniston Elec. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32.

[4] The subject of assignment numbered 13 proceeded upon the erroneous idea that section 98 of the Mining Law enacted in 1911 (Gen. Acts 1911, p. 534) had application to tramways or tram tracks that were employed outside of mines, disconnected with such ways in mines. Empire Coal Co. v. Bowen, 195 Ala. 348, 70 South. 283. For this reason, among others, the court properly refused this instruction.

[5, 6] The refusal to defendant of the special request numbered 29 (assignment 15), whereby advantage appears to have been sought of the rule where the person injured advisedly takes a dangerous way when a safe way is open to him, may be justified on this ground, apart from others: That the requested instruction did not include in the hypothesis the essential factor that plaintiff was aware that of the "ways" described in the request one was safe and the other unsafe. City of Birmingham v. Carle, 191 Ala. 539, 551, 68 South. 22, L. R. A. 1915F, 797; Benton v. City of Montgomery, 75 South. 473, 477.[2] Furthermore, there was evidence tending to show that plaintiff was directed by the foreman to "ride" the empty cars on his return from the commissary—a phase of the testimony that this request would have effected to withhold from the jury's consideration, notwithstanding it was a question for the jury to decide, under the whole evidence, whether "riding" the empty cars back to the "stock pile" was a dangerous thing to do. On this record it could not be held as a matter of law that so to do was an act involving obvious danger, so dangerous that no reasonably prudent person would subject himself to its hazard.

[7] With reference to the exception to the excerpt from the oral charge of the court (fourth assignment), it cannot be affirmed that the court advised the jury, or intended to advise the jury, that simple negligence is the equivalent of wanton or willful misconduct proximately causing plaintiff's injury. A fair, reasonable interpretation of the allusion in the excerpt to negligence requires the reference of that term to the preceding terms whereby the aggravated wrong, not simple negligence, was defined in the hypothesis upon which the court based the conclusion relating to the measure and character of the recoverable damages to which the jury's attention was therein called. These considerations are a sufficient response to the single criticism of the excerpt set down in the brief for appellant, viz. that the jury

1 201 Ala. 489.

2 200 Ala. 97.

were authorized thereby to conclude that a wanton or willful wrong proximately caused plaintiff's injury, notwithstanding simple negligence alone characterized the act or omission proximately causing the plaintiff's injury. No prejudicial error was committed in this particular.

[8, 9] It is manifest that the defendant was not entitled, as upon the theories to be stated, to the general affirmative instructions requested by it with reference to particular counts; that there was no evidence of willful or wanton misconduct or omission on the part of the motorcar operator proximately contributing to the plaintiff's injury; that the plaintiff either assumed the risk of injury while "riding" the empty cars from the "tipple" toward the stock pile, or was, as a matter of law, thereby rendered guilty of contributory negligence barring a recovery. The evidence put all of these matters beyond the pale of a conclusion of law favorable to the defendant. It is insisted that the defendant was erroneously refused the general affirmative charge as to count E because of the entire absence of evidence tending to show a defect, etc., as averred in count E. While the bill of exceptions bears, at page 76 of the transcript, the recital that it contained "all of the evidence in this case," yet it affirmatively appears from the body of the bill of exceptions that several photographs of the motorcar or motor and a map of the locus in quo are not shown in any way by the record. Ala. Ter. Co. v. Benns, 189 Ala. 590, 66 South. 589. The map found with the record, but wholly unattached and unidentified in the transcript, cannot be considered; the map not being made a part of the record in this case. See Bley v. Lewis, 188 Ala. 535, 539, 66 South. 454. It thus appears that the recital above quoted is affirmatively refuted by other recitals in the body of the bill. In the absence of the evidence afforded by the photographs of the motor or motorcar, evidence that the record recites was before the trial court when it refused the instruction under consideration, this court cannot affirm that there was no evidence of a defect, etc., within the averments of count E, notwithstanding witnesses for the defendant testified that there was no defect in the motor or motorcar or tram track of the defendant. It is also urged that the court erred in refusing the general affirmative charge for the defendant as to count D; and so upon the ground that, even assuming that the superintendent or foreman was negligent in ordering the plaintiff to "ride" the empty cars on his return from the commissary, and plaintiff was while so doing injured, such negligence was not the proximate, but the remote, cause of the plaintiff's injury; and in such circumstances the plaintiff's count (D) was not sustained. It is true that there was evidence tending to attribute the plain-tiff's injury, for proximate cause, to the negligence of Baxter, who was operating the gasoline motor, but, to a quite different effect, there was evidence tending to show that the "trip of cars," on one of which the plaintiff was riding, became derailed, threw plaintiff to the track, and then the closely following motor car struck and injured him. In view of this latter phase of the evidence, and in view of the doubt arising from the evidence as to whether to "ride" the car was, under the circumstances, an obviously dangerous thing to do, it cannot be held as a matter of law that, if the plaintiff's injury was caused as the latter phase of the testimony indicated, the direction of the foreman (if given to the plaintiff) for him to return by "riding" the empty cars down the incline was not the proximate cause of the plaintiff's injury. It results that the refusal of the general affirmative charge as to count D was not error.

There is no merit in the assignments of error urged in the brief. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.