31 So.2d 377

## DAVIS v. STATE.

6 Div. 423.

Court of Appeals of Alabama.
June 30, 1947.

Frank Ball, of Bessemer, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for the crime of robbery. He was by a jury found guilty, which body also fixed his punishment at 10 years imprisonment.

The evidence presented by the state tended clearly, if believed by the jury under the required rule, to make out the guilt of the appellant.

The appellent testifying in his own behalf in the court below denied categorically any connection with the offense charged, and introduced one witness in an effort to establish an alibi.

The rulings of the court were invoked only a few times in the trial below, and in only two instances were exceptions reserved by the appellant to such rulings.

The first instance pertained to the court's ruling sustaining the state's objection to defense counsel's questions propounded to the defendant on re-direct examination as to how he had perfected his escape from Atmore Prison, the defendant having previously testified on cross-examination that he was an escaped convict at the time of his arrest on the present charge.

This line of testimony could shed no light on the issues involved in this case, would tend to multiply the issues without furnishing anything of probative value, and was irrelevant and immaterial. The court was therefore correct in sustaining the state's objections in the premises.

As to the second instance in which an exception was reserved by the appellant to a ruling adverse to him the record shows the following at the conclusion of the court's oral instruction to the jury: "Mr. Ball: To the court's refusing to charge the jury, upon request, on the charge of assault with intent to rob, we take an exception."

An omission by a trial court to charge fully as to the law of the case cannot be made a basis for review in the absence of special written instructions requested by the party who complains as to the incompleteness of court's instructions. McPherson v. State, 198 Ala. 5, 73 So. 387; Davis v. State, 246 Ala. 101, 19 So.2d 358.

Affirmed.