37 So.2d 201
### OSBORN et al. v. GRIZZARD.
### 8 Div. 449.

Supreme Court of Alabama.
Oct. 14, 1948.

Eyster & Eyster, of Decatur, for appellants.

S. A. Lynne, of Decatur, for appellee.

SIMPSON, Justice.

The genius of our jury system is that to this body of impartial triers of fact is committed the discretion of resolving issues in dispute between the parties and the duty of rendering decision in the cause.

■ This case but typifies the importance of the system to our jurisprudence and illustrates the fundamental rule that the court will not substitute its opinion of controverted facts in measuring the right of the party to have given an affirmative instruction or a charge on a phase of the evidence pertinent to an issue in the case. If there is a tendency in the evidence to support an issue posed by the requested charge the court will not refuse it nor, if adverse inferences arise producing a conflict in the evidence, will an affirmative instruction be given.

This rule renders untenable the appellants' assignments of error addressed to the ruling of the trial court in giving for the plaintiff the charges on subsequent negligence and in refusing to the defendants the several requested charges affirmative in character.

■ The plaintiff (appellee), traveling north in the city of Decatur on one of the nation's trunk line highways at apparently a lawful rate of speed, was in collision with the defendants' truck being operated by their agent or servant while acting in the course of his employment. There was evidence that the truck, without stopping, as the state law and city ordinance required, entered this highway from a side road at a speed ofapproximately thirty-five miles per hour and, though the driver had seen the plaintiff's approaching automobile, proceeded without slackening the speed of the truck directly across the center line of the highway in the plaintiff's path, resulting in the collision which precipitated this lawsuit. The evidence also afforded the tendency that when the plaintiff saw his plight he applied his brakes in order to avert the accident, causing his automobile to skid from fifteen to forty feet. The witnesses differ as to exact distances and speeds of the respective motor vehicles, as well as the exact events producing the collision, and we will not enter into any abstruse mathematical calculations as regards these matters. It is sufficient to say that on the issues presented by the above-mentioned charges, the case was clearly one for the decision of the jury.

■ On the question of subsequent negligence, the law may pretermit a consideration vel non of the plaintiff's previous freedom from fault if, before the accident, his peril was discovered by the defendants in time to have avoided the injury by the use of reasonable care in executing all proper preventive means and, failing in this duty, the jury would be authorized to find that such failure was the sole resulting cause of the injury. Montevallo Mining Co. v. Underwood, 202 Ala. 59(3), 79 So. 453; Chunn v. City & Suburban Ry., 207 U.S. 302, 28 S.Ct. 63, 52 L.Ed. 219, 222. The pertinency of the subsequent negligence charges given for the plaintiff, in the light

278

of this rule, is illustrated by the defendants' own evidence that the truck driver saw the plaintiff's automobile approaching the intersection and instead of stopping, as was his duty, he proceeded on across the arterial highway and, according to one of the defendants' witnesses, "picked up speed as he was going across." R. 63. In such a situation the demands of caution required that he stop or use such other measures of care as a reasonably prudent person would have used under like or similar circumstances to avoid the accident.

It was pointed out in Hawkins v. Barber, 231 Ala. 53, 163 So. 608, 609, that "approaching on an intersection * * * a person entering a highway from a private road [or a side road, as here, where the law required the traveler to stop before entering] is required by the law to yield the right of way to the passenger proceeding along the highway. * * * " And, even though the defendants' truck may have reached the intersection first, to bring him within the influence of § 18(b), Title 36, Code 1940, it still was incumbent upon him to use such care as an ordinarily prudent person would have done to avoid the accident, which, according to some of the evidence, he did not do, thereby requiring the submission to the jury of subsequent negligence. Brown Hauling Co. v. Newsome, 241 Ala. 300, 302, 2 So.2d 782.

Likewise, then, no error appears in refusing to give at the request of defendants the general affirmative charge, since the complaint of simple negligence included a charge of subsequent negligence. Godfrey v. Vinson, 215 Ala. 166, 169(9), 110 So. 13.

It appears equally certain that the affirmative charge on contributory negligence of the plaintiff would have been out of order. The plaintiff was traveling at a lawful rate of speed and we find no tendency in the evidence to indicate that he was guilty of any negligence after he discovered the approach of the defendants' truck and the overwhelming evidence is that he sought to bring his car to a stop as soon as he discovered his plight. Clearly a conflict is thus presented which required the refusal of such a charge. Faulkner v. Gilchrist, 225 Ala. 391, 395(7), 143 So. 803; Montevallo Mining Co. v. Underwood, supra.

Nor was there error to reverse in the admission of the evidence challenged by assignments 18 and 19.

As regards assignment of error 18, it was permissible for the plaintiff to interrogate his witness as to the speed with which his car proceeded as it entered and passed through the intersection. Had the defendants desired to cross-examine plaintiff specifically as to the respective speeds, at various points in this interval, it was their privilege to do so, but there was no error in allowing the plaintiff to give his version of the fact.

As to assignment of error 19, the voluntary statement of the plaintiff that the truck driver "run over an Alabama highway stop sign" was rendered prejudicially innocuous by the testimony immediately following in answer to proper interrogation that the driver did not "stop at that sign." Rules of Practice in Supreme Court, Rule 45, Code 1940, Tit. 7 Appendix.

We think the trial proceeded without error prejudicial to the defendant.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.