44 So.2d 791

### HENLEY v. LOLLAR.
#### 6 Div. 845.

Court of Appeals of Alabama.
Jan. 31, 1950.

Rehearing Denied Feb. 28, 1950.

Foster, Rice, Madison & Rosenfeld, of Tuscaloosa, for appellant.

184

Windham & Marshall, of Tuscaloosa, for appellee.

**CARR, Judge.**

In the court below the plaintiff recovered a judgment against the defendant in a suit for property damages and personal injuries sustained by the former in an automobile collision.

Appellant's counsel in brief cogently urges that the defendant below was due the general affirmative charge. The insistence is based primarily on the position that under the undisputed evidence the appellee was guilty of contributory negligence.

It affirmatively appears that the record does not contain all the evidence. A photograph was taken of the appellee's automobile soon after the collision. This does not appear in the record, nor has it been certified to this court for our inspection.

Several of the witnesses were interrogated while this picture was displayed and many questions were directed in an effort to describe and explain what was depicted in the photograph. At one place in the proceedings a witness was asked this question: "Looking at that picture, where is the point of impact—where is the main point of impact on that automobile?" The court sustained the objections of appellant's attorney and as a basis for his ruling stated: "The picture is the best evidence."

It appears also that a drawing was made of the intersection of the streets where the collision occurred. With reference to this drawing the record discloses the following:

"Q. Let me show you what I mean. Here, let me make this drawing here (drawing).

"Mr. Rosenfeld: He was riding on the left of the midline of—the right on the midline of 26th Avenue?

"The Witness: Yes.

"Q. That is the middle of that intersection—9th Street and 26th Avenue. That is east and that is west and this is north and this is south, and we are assuming that that is the center (indicating). You came right to that center there didn't you? You came from over here on the—came right over here (indicating)? Came and split that center and you had the wreck right along there South of the center?"

This drawing became a part of the evidence in the case. Taylor v. State, 249 Ala. 130, 30 So.2d 256; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758.

What we have said clearly demonstrates the wisdom of the rule which provides that all the evidence must be before the appellate court before the propriety vel non of the refusal of the general affirmative charge can be reviewed. Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394; York v. State, Ala.App., 39 So.2d 694.

The same rule applies with equal force to a review of the action of the court below in denying the motion for a new trial on grounds that the verdict is con-

trary to the great weight of the evidence. Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4; York v. State, supra.

The remaining assignment of error is:

"3. The Trial Court erred in its oral charge to the jury as follows:

" 'Now, there is a rule of law as to subsequent negligence. Of course, a man is required throughout a given course of conduct to act as a reasonably prudent man would have acted under like or similar circumstances, and, if as conditions changed, the defendant failed to exercise that degree of care which a reasonably prudent man would have exercised under the circumstances at that time, and this proximately caused plaintiff's injuries, then, of course, plaintiff would still be entitled to recover and provided his own contributory negligence as I have defined contributory negligence, did not proximately contribute to cause his injuries.' "

■ It cannot be successfully contended that the above excerpt is an erroneous statement of the law. At most, it may be classified as an incomplete pronouncement of the doctrine of subsequent negligence.

■ An omission in the oral charge cannot be raised by an exception to the charge or any part thereof. Counsel's remedy, under such circumstances, is to request special written instructions or explanatory charges. Loeb v. City of Montgomery, 7 Ala.App. 325, 61 So. 642; Davis v. State, 246 Ala. 101, 19 So.2d 358; Davis v. State, 33 Ala.App. 188, 31 So.2d 377.

The judgment of the court below is ordered affirmed.

Affirmed.

## On Rehearing

■ Subsequently to the rendition of the original opinion in this cause, the clerk of the lower court forwarded to this court the photograph taken of appellee's automobile. The clerk confesses that it was due to his oversight that the exhibit was not sent up with the record. Under the circumstances, we think it is only fair that we should consider this exhibit along with the record on this rehearing.

However, we do not have the diagram referred to in our original opinion.

We do not now declare a departure fom our prior view. Our holding is supported by a long line of authorities. We here cite some additional cases. Hale v. Tennessee Coal, Iron & Ry. Co., 183 Ala. 507, 62 So. 783; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Downey v. Johnson, 31 Ala.App. 514, 19 So.2d 85; Jefferson v. Republic Iron & Steel Co., 208 Ala. 143, 93 So. 890; Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 So. 181; Birmingham Ry., Light & Power Co. v. Canfield, 177 Ala. 422, 59 So. 217; Southern R. Co. v. E. L. Kendall & Co., 14 Ala.App. 242, 69 So. 328; Seaboard Air Line R. Co. v. Pemberton, 202 Ala. 55, 79 So. 393.

Our prior decision on the matters of instant concern was based on the fact that both the photograph and the diagram were omitted from the record. With the photograph now before us, we have given added study to the record with a view of determining whether or not we are compelled to apply the rule with only the omission of the diagram or drawing.

The doctrine we followed should be subject to some elasticity and variation if the purpose and reason for its applicability does not appear from the record. This was the effect of the holding in the case of Louisville & N. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68.

The diagram was first injected into the proceedings near the close of the introduction of the testimony. Apparently counsel for appellee made the drawing in the presence of the jury on a blackboard or some other surface. Only one witness was interrogated by the aid of the drawing. We set out these questions and answers in our original opinion. Independently of any reference to the diagram the witness gave a clear and understandable depiction of the locale according to his contention.

In this state of the record we will now review the questions of the propriety of the refusal of the general affirmative charge and the action of the court in denying the motion for a new trial.

■ In the matter of the affirmative charge, we must accept as true the evidence favorable to the plaintiff and look to the strongest tendencies of the testimony in his behalf. Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

The collision occurred in the daytime at the intersection of 9th Street and 26th Avenue in the City of Tuscaloosa, Alabama. 9th Street is among the streets and avenues which had been previously declared "through highways" by an ordinance of the City. It appears, however, that no stop sign had been erected on 26th Avenue at its point of intersection with 9th Street. The latter street is also known as U. S. Highway No. 11 and was more heavily traveled than 26th Avenue.

Appellee was traveling east on 9th Street, and the appellant was proceeding south on 26th Avenue. As the two cars approached the intersection, there was a large moving van, with a high bed, parked against the curb on the north side of 9th Street and about 8 or 10 feet west of 26th Avenue.

According to the testimony of the plaintiff below, as he neared the intersection he was traveling at a rate of about 25 miles per hour and his car was about 4 feet south of the middle line of the street. The highway on which he was traveling is 60 feet wide and the intersecting avenue is 30 feet in width. Except for the parked van he did not see any other vehicle near the intersection. He proceeded in this course and at this speed into the center of the intersection, at which point his automobile was struck on its left side by the car driven by the appellant. He did not observe the latter vehicle until just an instant before the impact.

The appellant testified that as he (appellant) approached the intersection he slowed down almost to a complete stop and then proceeded into 9th Street at a slow rate of speed, in the meantime looking to his left and right for approaching traffic. When he had practically reached the center line of 9th Street he observed for the first time the rapid approach of appellee's automobile. Appellant put on his brakes and brought his car to a stop. Appellee proceeded without change of speed and just before the impact turned slightly to his (appellee's) right and then to his left and "sideswiped" the front end of appellant's car.

The photograph of appellee's car discloses that it was struck on its left side nearer the back than the front. A rather severe blow is indicated.

Title 36, Sec. 18, Code 1940 provides in pertinent part that "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right".

The application and purport of this statute were discussed by Chief Justice Gardner in Echols et al. v. Vinson, 220 Ala. 229, 124 So. 510.

■ The complaint is counted on simple negligence, but there is also included the doctrine of subsequent negligence. Osborn et al. v. Grizzard, 251 Ala. 275, 37 So. 2d 201; Newsome v. Louisville & N. R. Co., 20 Ala.App. 349, 102 So. 61.

■ The evidence, taken in its various aspects and applied to the law of the case, clearly presented a jury question. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Morrison et al. v. Clark, 196 Ala. 670, 72 So. 305; Armour & Co. v. Alabama Power Co., 17 Ala.App. 280, 84 So. 628; Mobile Light & R. Co. v. R. O. Harris Grocery Co., 17 Ala.App. 659, 88 So. 55; Alabama Great Southern R. Co. v. Bolton, 242 Ala. 562, 7 So.2d 296; Birmingham Electric Co. v. Turner, 241 Ala. 66, 1 So.2d 299; Brown v. Bush, 220 Ala. 130, 124 So. 300.

■ We entertain the view also that the action of the lower court in overruling the motion for a new trial should not be disturbed. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Harden, Inc., v. Harden, 29 Ala. App. 411, 197 So. 94; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Montgomery City Lines v. Moore, 33 Ala.App. 388, 34 So.2d 177.

The application for rehearing is overruled.