·48 So.2d 75

### LILES v. CHAFIN.
#### 6 Div. 5.

Court of Appeals of Alabama.
Oct. 3, 1950.

Frank M. James, of Birmingham, for appellant.

Gibson & Hewitt, of Birmingham, for appellee.

HARWOOD, Judge.

Suit below was for damages caused plaintiff's automobile when it was struck by defendant's automobile.

The complaint contained two counts, one alleging simple negligence and the other alleging wanton negligence.

The defendant filed pleas of the general issue, and of recoupment.

A jury trial resulted in a general verdict in favor of the plaintiff and judgment was entered accordingly. Defendant's motion for a new trial being overruled he perfected his appeal to this court.

In the trial below the plaintiff, appellee here, testified that late in the afternoon, about "dusky dark" he was proceeding down a highway leading into Birmingham. The lights on his automobile were burning. He saw some boys standing near the highway and giving proper hand signals brought his automobile to a halt for the purpose of picking up these boys. He had been stopped about fifteen seconds when the defendant, approaching from the rear, drove his automobile into the left side of plaintiff's car. The lane on the plaintiff's left was clear at the time, and no other traffic was approaching the scene.

The plaintiff asserted that he was on his way home from work at the time, and stated that about 3 o'clock that afternoon he had taken two swallows of whiskey with an acquaintance, but denied he was in any degree under the influence of alcohol at the time of the collision.

The plaintiff further testified that he had on other occasions picked up boys at this point and ridden them into town; that he did not know the names of the boys he saw on this occasion, and had not been able to locate them.

In his own behalf the defendant testified that on the day in question he was proceeding down the highway behind a taxicab. He was driving at around forty miles per hour. The cab slowed up to turn off onto another road. This caused the defendant to slow down to about 25 or 30 miles per hour. The defendant then saw a bulk in the road about 75 feet ahead. The defendant immediately started putting on his brakes. His tires slid some 35 or 40 feet, and he crashed into plaintiff's car. While it had been snowing that morning, the snow had melted and at the time of the accident the highway was only damp. According to the defendant the plaintiff was backing his automobile during this time, or as he stated: "My best judgment of my eyesight, it was backing out,"—"because I met it too fast."

According to the defendant the plaintiff's breath smelled strongly of alcohol when he talked to him after the collision.

Mr. Joe Colbert, who was riding in defendant's automobile at the time of the collision, gave testimony tending in the main to corroborate the defendant's testimony, except that he stated that plaintiff's car was standing still from the time he first observed it, and until the time it was struck.

Mrs. Harden, and her daughter Betty, a young lady some fourteen years of age, as

witnesses for the defendant, testified that they were standing near the highway waiting for a bus. The plaintiff passed them and stopped. He was backing up and asking Miss Harden if she wanted a ride at the time defendant struck·his automobile. Both these witnesses testified they did not see any boys nearby at this time.

The driver of the taxi which defendant had been following on the highway also gave testimony tending to corroborate the defendant.

Mr. William B. Gregory, a State Highway Patrolman, arrived at the scene of the collision within fifteen minutes of its occurrence. For the defendant he testified that the plaintiff smelled strongly of alcohol; that "his speech was fairly good in so far as intoxicants were concerned, but he had trouble in maintaining his stability—in other words, he staggered at times," and in this witness' opinion the plaintiff was under the influence of alcohol.

On cross examination Mr. Gregory testified that the defendant told him that his speed before the accident was approximately twenty-five miles per hour, and that his vehicle travelled about fifteen feet after the accident. Later Mr. Gregory testified that the defendant told him he was driving about forty miles per hour, before the accident, and about twenty miles per hour at the moment of impact.

Mr. Gregory did not arrest the plaintiff, because he had not seen him operating his automobile.

In rebuttal Paul Nail testified that on the afternoon of the accident he had gone to his brother-in-law's home. The plaintiff was working outside on a warehouse. Around 3 o'clock in the afternoon he called the plaintiff into the house and offered him a drink of whiskey out of a bottle. The plaintiff took one drink, and then went back outside to his work.

Roy Davis, at whose ·place plaintiff was working, testified that he returned to his home around 4:30 on the afternoon. of the wreck. He talked to the plaintiff for 5, 10, or 15 minutes just before he left around 5:30 P.M. The plaintiff appeared perfectly normal at this time.

The plaintiff testified in rebuttal that he was considerably jarred and bounced by the force of the impact, which broke the front leg of the car seat on which he was seated.

The defendant's request for the general affirmative charge was·refused by the trial court, and this is one of the points argued as error. None of these requested affirmative charges were directed at individual counts of the complaint, but were in general terms. Both the simple negligence count and the wanton count were submitted to the jury.

The jury returned a general verdict in plaintiff's favor.

■ The count of simple negligence in itself was sufficient to include a charge of subsequent negligence. Osborn v. Grizzard, 251 Ala. 275, 37 So.2d 201.

There was contradictory evidence submitted by the respective parties on the question of whether the area of the scene of the collision was a business or residence district, and thus within provisions of Section 25, Title 36, Code of Alabama 1940, enjoining a driver of a motor vehicle from stopping on the paved portion of a highway, outside of a business or residence district, when it is practicable to park off of the pavement.

■■ We do not see that this point is of particular importance in the subsequent negligence phase of this case, for on the question of subsequent negligence, the law may pretermit a question of plaintiff's previous freedom from fault if, before the accident his peril was discovered by the defendant in time to have avoided the injury by the use of reasonable care in executing all proper preventive measures, and failing in this the jury would be authorized in finding that such failure was the sole resulting cause of the injury. Osborn v. Grizzard, supra.

■ The evidence as outlined above we think clearly reveals tendencies sufficient to justify the refusal of appellant's request for the affirmative charge.

We are of the further opinion that the evidence, in its subsequent negligence aspect, was sufficient to support the verdict

and judgment rendered, and that we would not be justified in disturbing the experienced trial judge's conclusions in refusing appellant's motion for a new trial. He heard and saw the witnesses testify. While the defendant introduced the greater number of witnesses, we are not in position to weigh evidence by that standard.

Affirmed.